**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
-------------------------------x
                               :
REGGIE BOYD                    :    Civ. No. 3:19CV00579(SALM)
                               :
v.                             :
                               :
LARREGUI, et al.               :    November 17, 2021
                               :
-------------------------------x
```

**ORDER DISMISSING CASE**

On April 17, 2019, plaintiff Reggie Boyd ("plaintiff")
filed this action against five defendants asserting violations
of his civil rights pursuant to 42 U.S.C. §1983. [Doc. #1]. On
June 4, 2019, counsel for defendants appeared and filed a motion
to dismiss as to defendants the City of Bridgeport and then-
Chief of Police Armando Perez. [Docs. #12, #13]. Plaintiff filed
no response to that motion, which remained pending for over
fifteen months. See Doc. #15 at 3.

On September 30, 2020, Judge Charles S. Haight granted
defendants' motion to dismiss, "without prejudice to the
Plaintiff filing an amended complaint[]" on or before October
30, 2020. Id. at 18.[1] Plaintiff did not file an amended
complaint.

In the motion to dismiss ruling, Judge Haight ordered the

---

[1] Judge Haight also struck plaintiff's request for punitive
damages against the City of Bridgeport. See Doc. #15 at 18.

1

parties to file their Rule 26(f) Report by November 13, 2020.

See id. To date, the parties have not filed a Rule 26(f) Report.

On January 29, 2021, defendants filed a Motion for Judgment on the Pleadings and supporting memorandum. [Doc. #18]. Plaintiff's response to that motion was due by February 19, 2021. Plaintiff did not respond to the Motion for Judgment on the Pleadings.

On October 14, 2021, this case was reassigned to the undersigned "for all further proceedings." Doc. #19.

The Local Rules of Civil Procedure provide: "In civil actions in which no action has been taken by the parties for six (6) months or in which deadlines established by the Court pursuant to Rule 16 appear not to have been met, the Clerk shall give notice of proposed dismissal to counsel of record[.]" D. Conn. L. Civ. R. 41(a). On October 18, 2021, the undersigned entered an Order to Show Cause Pursuant to Local Rule 41. [Doc. #20]. The Court noted, in pertinent part: "No action has been taken by the parties for more than six months, and multiple deadlines set by the Court have not been met." Id. Accordingly, the Court ordered that on or before November 8, 2021, plaintiff show cause why this case should not be dismissed. See id. The Court cautioned: **"Failure to file a timely response providing a 'satisfactory explanation' for these failures will result in 'an**

**order of dismissal.'"** Id. (emphasis added) (quoting D. Conn. L.
Civ. R. 41(a)).

At 9:25PM on November 8, 2021, plaintiff's counsel filed a
motion seeking an extension of time until November 15, 2021, to
respond to the Order to Show Cause. [Doc. #21]. Plaintiff's
counsel asserts that he "is recovering from pneumonia and could
not reasonably complete the response to the Court's Order in the
time allotted." Id. at 1. The undersigned did not act on
plaintiff's motion for extension of time. Nevertheless,
plaintiff's counsel did not file a response to the Order to Show
cause by the deadline he had requested of November 15, 2021.

Plaintiff's motion for extension of time is problematic.
First, it does not comply with Local Rule 7, because the motion
was not filed "at least three (3) business days before the
deadline sought to be extended," and does not "set forth reasons
why the motion was not filed at least three business days before
the deadline in question." D. Conn. L. Civ. R. 7(b)(3).
Additionally, the motion does not set forth "a particularized
showing that the time limitation in question cannot reasonably
be met despite the diligence of the party seeking the
extension." D. Conn. L. R. 7(b)(1). Indeed, although plaintiff's
counsel asserted he was too ill to file a response to the Order
to Show Cause, he shortly thereafter was able to file two new

3

lawsuits in this District. See Gibson v. First Mercury Insurance Company, No. 3:21CV01522(SRU) (D. Conn. Nov. 12, 2021); Gibson v. Burlington Insurance Company, No. 3:21CV01523(AWT) (D. Conn. Nov. 12, 2021). Additionally, plaintiff's counsel managed to file a status report on November 10, 2021, in another pending matter. See Woodever Marine, LLC, No. 3:21CV01059(RNC), Doc. #8 (D. Conn. Nov. 10, 2021). And yet still, as of the current date, there has been no meaningful response to the Order to Show Cause.

There is a demonstrated pattern of plaintiff's failure to prosecute this case. First, plaintiff failed to respond to defendants' motion to dismiss. Second, while that motion was pending for fifteen months, plaintiff made no effort to initiate the Rule 26(f) planning conference. See D. Conn. L. Civ. R. 26(f) ("The conference ordinarily shall be initiated by the plaintiff[.]"). Third, plaintiff failed to participate in the Rule 26(f) process even when expressly ordered by Judge Haight. See Doc. #15 at 18. Fourth, plaintiff failed to file a response to defendants' motion for judgment on the pleadings. And finally, plaintiff has made no effort, except for a non-compliant motion for extension of time filed on the deadline for a response, to respond to the Order to Show Cause or to "provid[e] a 'satisfactory explanation' for these failures."

Doc. #20.

"[I]t is Plaintiff's duty to take the necessary measures to prosecute his action in a timely manner or face dismissal of his action." Hiller v. Farmington Police Dep't, No. 3:12CV01139(CSH), 2014 WL 992790, at *4 (D. Conn. Mar. 13, 2014). "The United States 'Supreme Court has recognized the inherent power of a district judge to dismiss a case for the plaintiff's failure to prosecute.'" Id. (quoting West v. City of New York, 130 F.R.D. 522. 424 (S.D.N.Y. 1990)).

Where, as here, "there is a lack of due diligence in the prosecution of the lawsuit by plaintiff[,]" "[d]ismissal is warranted[.]" Id. (citation and quotation marks omitted).

The Second Circuit has identified five factors that may be relevant in determining whether dismissal pursuant to Rule 41(b) is appropriate, specifically,

> whether (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

Lewis v. Rawson, 564 F.3d 569, 576 (2d Cir. 2009) (citations and quotation marks omitted). "[N]one of the five factors is separately dispositive[.]" LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 210 (2d Cir. 2001). The Court "is not required to

expressly discuss these factors on the record," but the Second Circuit has encouraged trial courts to explain their reasoning, so the Court does so here. Hunter v. New York State Dep't of Corr. Servs., 515 F. App'x 40, 42 (2d Cir. 2013).

1.    **Plaintiff's repeated failures to prosecute have caused a delay of significant duration**. This case is over two-and-a-half years old and no scheduling order has been entered. Plaintiff has made no effort to engage in the 26(f) process despite the guidance set forth in the Local Rules and the express order of Judge Haight.

2.    **Plaintiff was given notice that further delay would result in dismissal**. The Court ordered, on October 18, 2021: "Plaintiff shall file a response to this Order on or before **November 8, 2021**. Failure to file a timely response providing a 'satisfactory explanation' for these failures will result in 'an order of dismissal.'" Doc. #20 (quoting D. Conn. L. Civ. R. 41(a)).

3.    **Defendants have been, and will continue to be, prejudiced by the delay**. "[T]he Defendants have faced prejudice by incurring attorney time to defend a case that the Plaintiff is not prosecuting. Furthermore, because plaintiff has a duty of due diligence to move his case forward, and has failed to do so, prejudice to the defendants may be presumed." Martin v. Mejias,

No. 3:19CV01101(KAD), 2020 WL 3843689, at *2 (D. Conn. July 8, 2020).

4.    **The Court has carefully balanced the need to manage its docket against plaintiff's right to pursue this action**. This case has been pending for more than two-and-a-half years. In that time, plaintiff has done, quite literally, nothing. After the filing of the Complaint on April 17, 2019, and the filings of the waivers of service in June 2019, nothing further was heard from plaintiff until counsel's woefully inadequate motion for extension of time, filed on November 8, 2021, some seventeen months after his last activity on the docket. Plaintiff has evinced <u>no</u> interest in pursuing this case, such that his interest in doing so does not outweigh the interest of the Court in managing its docket.

5.    **Lesser sanctions would not be effective**. The Court has considered lesser sanctions. A financial penalty imposed on plaintiff's counsel could redress the costs of defense, but would not mitigate the fact that these defendants have been subjected to unnecessary delays in litigation of the claims. Only dismissal will redress the harm. "Statutes of limitations are designed to prevent the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared." <u>In re WorldCom Sec.</u>

Litig., 496 F.3d 245, 253 (2d Cir. 2007) (citation and quotation
marks omitted). The events at issue occurred in April 2016,
five-and-a-half years ago. See generally Doc. #1. Permitting
plaintiff to revive these slumbering claims at this late date
would effectively render the statute of limitations meaningless.
Cf. Martin v. Santopietro, No. 3:19CV00098(KAD), 2020 WL
3843684, at *3 (D. Conn. July 8, 2020) ("[T]he Court concludes
that no lesser sanction will suffice given the Plaintiff's
apparent abandonment of any effort to prosecute his claims and
failure to communicate to the Court a contrary intention.").

The Court notes that the motion for judgment on the
pleadings is meritorious. Defendants Torres, Wilson and Seely
seek judgment as to claims for failure to intervene. See
generally Doc. #18-1. The Court has reviewed the Complaint, and
the Motion, and agrees with defendants that plaintiff has failed
to adequately plead that these three defendants "had a realistic
opportunity to intervene" to prevent the actions of Larregui.
Sloley v. VanBramer, 945 F.3d 30, 46-47 (2d Cir. 2019)
(citations and quotation marks omitted). Accordingly, the Court
would grant the motion if this case went forward. Thus, the
effect of the dismissal based on the failure to prosecute is
limited to the claims against Larregui.

Plaintiff has retained counsel, an attorney who has

appeared in over 200 cases in this District. Counsel had ample notice of the deadlines in this case, and failed to comply. Warning was given that this case would be dismissed if a timely response to the Order to Show Cause was not filed. No response was filed, even by the extended deadline sought by plaintiff's counsel. Dismissal is appropriate. See Rosa v. Dovenmuehle Mortg. Inc., 96 F. App'x 32, 35 (2d Cir. 2004) (affirming dismissal for failure to prosecute where "(1) the [plaintiffs] received two warnings — in the TPO and in the order to show cause — that their complaint would be dismissed if they failed to comply with certain deadlines; (2) they were counseled; and (3) their reply to the order to show cause lacked any merit whatsoever[]").

The Clerk of the Court shall close this case.

It is so ordered at New Haven, Connecticut, this 17th day of November, 2021.

/s/
HON. SARAH A. L. MERRIAM
UNITED STATES DISTRICT JUDGE